**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

TRAWLER DIANE MARIE,
INCORPORATED,
Plaintiff-Appellant,

v.

No. 95-2587

MICHAEL KANTOR, SECRETARY OF
COMMERCE OF THE UNITED STATES OF
AMERICA,
Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Elizabeth City.
Franklin T. Dupree, Jr., Senior District Judge.
(CA-95-15-2-D)

Argued: June 6, 1996

Decided: July 22, 1996

Before WILLIAMS and MICHAEL, Circuit Judges, and
JACKSON, United States District Judge for the
Eastern District of Virginia, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Waverly Lee Berkley, III, MCGUIRE, WOODS, BAT-
TLE & BOOTHE, Norfolk, Virginia, for Appellant. Lynn Penman
Dodge, UNITED STATES DEPARTMENT OF JUSTICE, Washing-

ton, D.C., for Appellee. **ON BRIEF:** Mark S. Davis, MCGUIRE, WOODS, BATTLE & BOOTHE, Norfolk, Virginia, for Appellant. Lois J. Schiffer, Assistant Attorney General, Edward J. Shawaker, Robert L. Klarquist, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; Karl D. Gleaves, NOAA-GCF, Silver Spring, Maryland; Jonathan Pollard, NOAA OFFICE OF GENERAL COUNSEL, Juneau, Alaska, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

The appellant, Trawler Diane Marie, Inc., is a North Carolina corporation. It is the owner and operator of the fishing vessel "MR. BIG," which engages in scallop fishing in the federal waters off the coast of Alaska.**1** Prior to February 1995 the MR. BIG fished for scallops under Alaskan state registry, and it was therefore bound by Alaskan state fishing regulations. The state regulations established opening and closing dates for the scallop harvest, and they set quotas limiting the amount of scallops that could be harvested in any given year. In 1995 Alaska closed the scallop season in the Prince William Sound area, where the MR. BIG was fishing on January 26, 1995.

Seeking to take advantage of a loophole in the regulation of scallop fishing, the MR. BIG renounced its Alaskan registration, and it immediately began the unregulated fishing of scallops. With the renouncement of its Alaskan registration, the MR. BIG was no longer governed by the state regulations, and it could harvest as many scallops as it could catch and carry.

_____

**1** The federal waters are those lying between 3 to 200 miles off the coast, also known as the Exclusive Economic Zone (EEZ).

2

The appellee, the Secretary of Commerce of the United States (the Secretary), responded quickly, and by emergency rule promulgated on February 23, 1995, the Secretary caused the federal waters off the Alaskan coast to be closed to scallop fishing for 90 days. The interim closure was extended for an additional 90 days effective May 31, 1995.

The appellant then brought this action against the Secretary, pursuant to the Magnuson Fishery Conservation and Management Act, 16 U.S.C. § 1801, et seq. (Magnuson Act), and the Administrative Procedure Act, 5 U.S.C. § 551, et seq. (APA). The appellant challenged the decision by the Secretary to effect the temporary closure of the scallop fishery in the EEZ off the coast of Alaska. Finding that the Secretary properly exercised its emergency powers under the Magnuson Act and the APA, the district court granted summary judgment in favor of the Secretary, and it denied the appellant's motion for summary judgment. Trawler Diane Marie, Inc. v. Brown, 918 F. Supp. 921 (E.D.N.C. 1995). The appellant has now appealed.

We have considered the briefs and oral arguments of the parties and those portions of the record pertinent to their various arguments. Having done so, we find no reversible error in the decision of the district court and accordingly affirm on its reasoning. **2**

AFFIRMED
_____
**2** Because the emergency rule expired after the district court rendered its judgment, the Secretary on this appeal has for the first time raised the issue of mootness. In light of our decision affirming the district court's award of summary judgment to the Secretary, we need not reach and do not decide the issue of whether this case is now moot.

3